**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1312
_____

KAREL AGUILAR ESTRADA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A209-282-683)
Immigration Judge: William H. McDermott

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
on August 19, 2025

Before: KRAUSE, PHIPPS, and ROTH, <u>Circuit Judges</u>

(Opinion filed October 16, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Karel Aguilar Estrada, proceeding pro se, petitions for review of the denial of his application for deferral of removal under the United Nations Convention Against Torture ("CAT"). We will deny the petition.

Estrada, a Cuban citizen, became a lawful permanent resident of the United States. Later, Estrada was convicted in federal court of conspiracy to possess with intent to distribute cocaine and was sentenced to 42 months' imprisonment. See 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B). As a result, the Department of Homeland Security charged Estrada with removability for being convicted of an aggravated felony. See 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43)(B), (U).

Through counsel, Estrada conceded his removability and applied only for deferral of removal under the CAT. Estrada feared that if he returned to Cuba, he would be imprisoned and tortured for past crimes he committed. At a hearing before an Immigration Judge ("IJ"), Estrada testified that he could face a prison sentence of five to ten years because of his illegal exit from Cuba, and that he could face a ten-year sentence for allegedly earning money illegally.

Estrada submitted U.S. State Department findings that Cuban "[c]ourts regularly failed to protect or observe due process rights," and that "authorities often placed the burden on defendants to prove their innocence." Estrada also presented evidence that Cuba had significant human rights issues, including arbitrary killings, torture and cruel

2

treatment by the government, harsh and life-threatening prison conditions, problems with the judiciary's independence, and political prisoners. One report identified fifteen patterns of torture and mistreatment in Cuban prisons.

The IJ denied Estrada's CAT application and ordered him removed to Cuba. The IJ did not discount the likelihood that the Cuban government would open a case against Estrada and arrest him. But, the IJ explained, "everything past that point [was] unsupported by a more likely than not standard." The IJ thus found that Estrada failed to establish that it was more likely than not that he would be tortured upon his return to Cuba.

Estrada appealed the IJ's decision. The Board of Immigration Appeals dismissed the appeal, agreeing that Estrada failed to demonstrate eligibility for CAT protection. The Board explained that, even assuming that Estrada would be detained upon return to Cuba, he did not establish that he would more likely than not be tortured. The Board found that, although the record identified poor prison conditions, it did not indicate that detainees were generally subjected to torture or that the public officials intentionally subjected prisoners to conduct or conditions amounting to torture. Estrada, now proceeding pro se, filed a petition for review.

We have jurisdiction under 8 U.S.C. § 1252(a)(1). When, as here, the Board invokes the IJ's analysis and factfinding in support of its conclusions, we review both decisions. Uddin v. Att'y Gen., 870 F.3d 282, 289 (3d Cir. 2017). We review the

3

agency's findings of fact for substantial evidence, meaning the factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." Nasrallah v. Barr, 590 U.S. 573, 584 (2020) (citation omitted).

To obtain relief, Estrada needed to establish that, if he were removed to Cuba, it is more likely than not that he would be tortured. See 8 C.F.R. § 1208.16(c)(2); Sevoian v. Ashcroft, 290 F.3d 166, 174–75 (3d Cir. 2002). The torture must be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official . . . or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). To determine whether a petitioner is eligible for relief under the CAT, the IJ should consider what is likely to happen upon removal, and whether what is likely to happen amounts to the legal definition of torture. Myrie v. Att'y Gen., 855 F.3d 509, 516 (3d Cir. 2017).

Here, substantial evidence supports the Board's determination that Estrada failed to establish that it is more likely than not that he would be tortured upon his removal to Cuba. See Nasrallah, 590 U.S. at 583–84. Estrada did not present evidence that he was previously tortured in Cuba. See 8 C.F.R. §1208.16(c)(3). Further, it was not unreasonable for the Board to find that, although Estrada presented evidence that there were patterns of torture, mistreatment, and poor conditions in Cuban prisons, the record did not indicate that Cuban officials intended to inflict severe pain or suffering on him. See Pierre v. Att'y Gen., 528 F.3d 180, 190 (3d Cir. 2008) (en banc) ("[A] petitioner cannot obtain relief under the CAT unless he can show that his prospective torturer will

4

have the goal or purpose of inflicting severe pain or suffering."); see also Hernandez Garmendia v. Att'y Gen., 28 F.4th 476, 484 (3d Cir. 2022) (citation omitted) ("The specter of torture must be supported by specific evidence that the individual applicant is more likely than not to be singled out.").

Because substantial evidence supports the Board's determination that Estrada failed to establish that he was eligible for relief under the CAT, we will deny the petition for review.